**T. Kennedy Helm, IV (SBN 282319)**
**HELM LAW OFFICE, PC**
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

*Attorney for Plaintiffs*

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| A.G., a minor, by and through her guardian ad litem Johana Yolanda Corral Galvan, individually and as co-successor in interest to Decedent Francisco Ponce, Jr.; F.G., a minor, by and through her guardian ad litem Johana Yolanda Corral Galvan, individually and as co-successor in interest to Decedent Francisco Ponce, Jr.; individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF TULARE, a public entity; and DOES 1–50, jointly and severally,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 – Civil Rights Violations<br>2. 42 U.S.C. § 1983 – *Monell* and Supervisory Liability<br>3. California Civil Code § 52.1 (b) – State Civil Rights Violations<br>4. Negligence |

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.

Plaintiffs, by and through their attorney, HELM LAW OFFICE, PC, for their Complaint against Defendants, state as follows:

## JURISDICTION

1. This is a civil-rights, wrongful-death, and survival action arising from the suicide death of FRANCISCO PONCE, JR., on or about March 13, 2022, in the City of Visalia, County of Tulare, California.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this action is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

3. Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT TO FRESNO DIVISION

4. A substantial part of the events and/or omissions complained of herein occurred in the City of Visalia, County of Tulare, California, and, pursuant to Eastern District Civil Local Rule 120(d), this action is properly assigned to the Fresno Division of the United States District Court for the Eastern District of California.

## PARTIES AND PROCEDURE

5. Plaintiff A.G., a minor, is and was at all times herein mentioned the daughter of Decedent FRANCISCO PONCE, JR., and a resident of the State of California. She will be represented in this matter by her mother and guardian ad litem Johana Yolanda Corral Galvan, pursuant to Federal Rule of Civil Procedure 17(c). Plaintiff A.G. brings these claims individually for wrongful death and violation of her personal rights, and as a co-successor in interest for her father, Decedent FRANCISCO PONCE, JR., pursuant to California Code of Civil Procedure §

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.                                    1

377.11 and federal civil-rights laws, asserting survival claims for FRANCISCO PONCE, JR., under both state and federal law.

6. Plaintiff F.G., a minor, is and was at all times herein mentioned the daughter of Decedent FRANCISCO PONCE, JR., and a resident of the State of California. She will be represented in this matter by her mother and guardian ad litem Johana Yolanda Corral Galvan, pursuant to Federal Rule of Civil Procedure 17(c). Plaintiff F.G. brings these claims individually for wrongful death and violation of her personal rights, and as a co-successor in interest for her father, Decedent FRANCISCO PONCE, JR., pursuant to California Code of Civil Procedure § 377.11 and federal civil-rights laws, asserting survival claims for FRANCISCO PONCE, JR., under both state and federal law.

7. The claims in this Complaint are brought pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful-death actions. As set forth more specifically above, the claims are brought both individually and on behalf of FRANCISCO PONCE, JR., on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil-rights law, and California law. These claims are also brought by Plaintiffs as Private Attorneys General, to vindicate not only their rights, but others' civil rights of great importance.

8. Defendant COUNTY OF TULARE ("COUNTY") is a public entity, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the Tulare County Sheriff's Department ("TCSD"), and is the employer of the individual COUNTY Defendants, as well as certain DOE Defendants. Under its authority, the COUNTY operates the TCSO.

9. Defendant COUNTY, under its authority, operates the Tulare County Jail and is, and was, responsible for ensuring the provision of emergency, medical, and mental-health services to all Tulare County Jail detainees. Defendant COUNTY was and is responsible for ensuring that the basic human needs of individuals in its custody are met, and for ensuring that inmates are not at risk of serious harm, including by providing appropriate funding, oversight, and corrective

Complaint for Damages and Demand for Jury Trial
*A.G.*, *et al. v. County of Tulare, et al.*
Case No.                                                    2

1  action to ensure adequate conditions. Defendant COUNTY is also responsible for ensuring that
2  jail policies and practices do not violate inmates' constitutional rights or put them at risk of
3  serious harm, including by suicide, because they are a danger to themselves or otherwise unable
4  to properly care for themselves. Defendant COUNTY, by law, possesses the ultimate authority
5  over the responsibility for the medical care, mental-health care, treatment, and physical
6  safekeeping of all incarcerated persons at the Tulare County Jail, including Decedent
7  FRANCISCO PONCE, JR. Pursuant to California Government Code § 815.2, the COUNTY is
8  vicariously liable for the state-law torts of its employees and agents, including the individual
9  defendants herein that are both named and those to-be-identified individuals that will be named
10 later.

11     10. The true names and capacities of Defendants sued herein as DOES 1–50 ("DOE
12 Defendants") are unknown to Plaintiffs, who, therefore, sue said Defendants by such fictitious
13 names. Plaintiffs will seek leave to amend this Complaint to show their true names and capacities
14 when the same are ascertained.

15     11. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants sued
16 herein was negligently, wrongfully, and otherwise responsible in some manner for the events and
17 happenings as hereinafter described, and proximately caused injuries and damages to Decedent
18 and Plaintiffs.

19     12. Further, one or more DOE Defendants was at all material times responsible for the hiring,
20 training, supervision, and discipline of other defendants, including DOE Defendants.

21     13. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was
22 at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or
23 alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within
24 the course and scope of that relationship.

25     14. Plaintiffs are further informed and believe, and thereon allege, that each of the
26 Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and

27

Complaint for Damages and Demand for Jury Trial
*A.G.*, *et al. v. County of Tulare, et al.*
Case No.                                                    3

ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

15. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Decedent's and Plaintiffs' constitutional rights and other harm.

16. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the COUNTY and the TCSO.

17. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

18. Plaintiffs timely and properly filed a government code claim, pursuant to California Government Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

19. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**GENERAL ALLEGATIONS**

20. Plaintiffs reallege each and every paragraph in this Complaint, as though fully set forth here.

21. California Code of Regulations Title 15 defines "safety checks" as direct, visual observation performed at random intervals within timeframes prescribed in these regulations to provide for the health and welfare of inmates.

22. Pursuant to the California Code of Regulations, safety checks "shall be conducted at least hourly through direct visual observation of all inmates. There shall be no more than a 60-minute lapse between safety checks. There shall be a written plan that includes the documentation of routine safety checks."

Complaint for Damages and Demand for Jury Trial
*A.G.*, et al. v. County of Tulare, et al.
Case No.                                                4

23. On information and belief, the COUNTY has a custom of failing to provide safety checks every 60 minutes, including allowing correctional deputies to fail to document routine safety checks.

24. On March 13, 2022, at about 1:21 a.m., Wellpath employee Jimmy Ronquillo performed a "daily segregation check" of Decedent PONCE.

25. On information and belief, after 1:21 a.m., and until 9:25 a.m., one or more of DOE Defendants 1–50 failed to perform hourly checks on Decedent PONCE.

26. On March 13, 2022, at about 9:25 a.m., Decedent PONCE was found in his cell with a ligature around his neck. On information and belief, full rigor mortis had set in, which occurs two hours after death. Unidentified COUNTY employees at the Jail could not tell the Dinuba Ambulance personnel when Decedent PONCE was last seen alive. Thus, Decedent PONCE had been dead in his cell for two hours before he was found.

27. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience-shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' rights, and done with actual malice, recklessness, gross negligence, deliberate indifference, negligence, and/or were otherwise objectively unreasonable.

28. As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiffs sustained the following injuries and damages, past and future, including, but not limited to:

    a. Wrongful death of FRANCISCO PONCE, JR., pursuant to California Code of Civil Procedure § 377.60 *et seq*. (by all Plaintiffs);

    b. Hospital and medical expenses, pursuant to California Code of Civil Procedure § 377.20 *et seq*. (Survival Claims by Plaintiffs A.G. and F.G only);

    c. Coroner's fees, funeral, and burial expenses, pursuant to California Code of Civil Procedure § 377.20 *et seq*. (Survival Claims by Plaintiffs A.G. and F.G only);

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.                      5

      d.    Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support (wrongful death by all Plaintiffs);

      e.    FRANCISCO PONCE, JR.'s loss of life, including loss of enjoyment of his life, pursuant to federal civil rights law (Survival Claims by Plaintiffs A.G. and F.G only);

      f.    FRANCISCO PONCE, JR.'s pre-death, conscious pain and suffering, pursuant to California law and federal civil rights law (Survival Claims by Plaintiffs A.G. and F.G only);

      g.    All Plaintiffs' loss of their relationship with the Decedent, including pain and suffering and the attendant emotional distress, pursuant to federal civil rights law (all Plaintiffs, based on individual § 1983 claims for loss of familial association);

      h.    All damages, penalties, costs, and attorneys' fees recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52 and 52.1 *et seq.*; California Code of Civil Procedure § 1021.5; and as otherwise allowed under California and United States statutes, codes, and common law.

29. The conduct of Defendants DOES 1–50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Decedent, Plaintiffs, and the public. Plaintiffs are, therefore, entitled to an award of punitive damages against Defendants DOES 1–50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### PLAINTIFFS AGAINST DEFENDANTS DOES 1–50

30. Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint, as though fully set forth here.

31. By the actions and omissions described above, Defendants DOES 1–50, acting under the color of state law in their individual capacities, deprived FRANCISCO PONCE, JR. as a pretrial detainee of the rights, privileges, and immunities secured by the Fourteenth Amendment by subjecting him, or through their deliberate indifference, allowing others to subject him, to unsafe conditions of confinement by failing to perform safety checks on FRANCISCO PONCE, JR.

Complaint for Damages and Demand for Jury Trial
*A.G.*, *et al. v. County of Tulare, et al.*
Case No.               6

32. By the actions and omissions described above, the individually named Defendants violated 42 U.S.C. § 1983, depriving Plaintiffs and Decedent of the following well-settled constitutional rights that are protected by the First and Fourteenth Amendments to the U.S. Constitution:

   a. The right to be free from unsafe conditions of confinement, including by hourly direct-view safety checks as required under Title 15 of the California Code of Regulations.

   b. The right to be free from wrongful government interference with familial relationships and Plaintiffs' and Decedent's right to companionship, society, and support, as secured by the First and Fourteenth Amendments.

33. The listed Defendants' failure to intervene, prevent, or stop the constitutional violations by others, when Defendants were in a position to so intervene when such violations were occurring, also renders such Defendant(s) liable for these violations.

34. Defendants subjected Plaintiffs and Decedent to their wrongful conduct, depriving Plaintiffs and Decedent of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of FRANCISCO PONCE, JR.) and others would be violated by their acts and/or omissions.

35. As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiffs and Decedent sustained injuries and damages, as set forth above, in ¶ 28. Plaintiffs and Decedent are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

36. In committing the acts alleged above, the DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiffs and Decedent, and by reason thereof, Plaintiffs are entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the COUNTY.

Complaint for Damages and Demand for Jury Trial
*A.G.*, et al. v. County of Tulare, et al.
Case No.                                  7

37. Plaintiffs are also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – *Monell* and Supervisory Liability)
### PLAINTIFFS AGAINST DEFENDANTS COUNTY OF TULARE, and DOES 1–50

38. Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint, as though fully set forth herein.

39. As supervisors, Defendants DOES 1–50 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights and serious medical needs of FRANCISCO PONCE, JR. Each of these supervising Defendants either directed her or his subordinates in conduct that violated Decedent's rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Decedent of rights, OR knew his or her subordinates were engaging in acts likely to deprive Decedent of rights and failed to act to prevent his or her subordinate from engaging in such conduct, OR disregarded the consequence of a known or obvious training deficiency that she or he must have known would cause subordinates to violate Decedent's rights, and in fact did cause the violation of Decedent's rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Decedents' rights.

40. Prior to Decedent's incarceration, on information and belief, the COUNTY was aware of the need to ensure that California Code of Regulations Title 15 hourly safety checks occur.

41. On information and belief, despite this knowledge that the COUNTY, including DOE DEFENDANTS, as well as their policymakers and administrators, had at least as of prior to the Decedent's incarceration, and in fact had much earlier, they failed to implement and/or enforce and/or properly execute these safety checks, which failure was a moving force and proximate cause of the deprivations of Plaintiffs' and Decedent's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.                                    8

Cause of Action.

42. Plaintiffs allege, upon information and belief, the unconstitutional actions and/or omissions of one or more of COUNTY Defendants DOES 1–50 were pursuant to the following customs, policies, practices and/or procedures of the COUNTY, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the COUNTY:

    a. To fail to implement and/or enforce and/or properly execute safety checks pursuant to California Code of Regulations Title 15;

    b. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraph (a) above, when the need for such was obvious, with deliberate indifference to the rights and safety of Plaintiffs, Decedent, and the public, and in the face of an obvious need for such policies, procedures, and training programs.

43. In the alternative, upon information and belief, Defendant COUNTY may have instituted policies or training addressing the need for safety checks pursuant to California Code of Regulations Title 15, but with deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

44. The above-described customs, policies, practices, and/or procedures of the COUNTY were a moving force and/or a proximate cause of the deprivations of Plaintiffs' and Decedent's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above the First Cause of Action.

45. Defendant COUNTY is also liable for the violations of Plaintiffs' and Decedent's rights by their final policy makers, as described above. (*See*, Ninth Circuit Model Civil Jury Instruction 9.6).

46. On information and belief, the COUNTY conducted an investigation and review of this matter leading to the death of FRANCISCO PONCE, JR. The unconstitutional actions and/or omissions of the individually named Defendants, DOES 1–50, and other COUNTY and personnel, as described above, were approved, tolerated, and/or ratified by policy making officers for the COUNTY. Plaintiffs are informed and believe, and thereupon allege, the details

Complaint for Damages and Demand for Jury Trial
*A.G.*, *et al. v. County of Tulare, et al.*
Case No.                                   9

of this incident have been revealed to the authorized policy makers within the COUNTY, and that such policymakers have direct knowledge of the fact that the death of FRANCISCO PONCE, JR. was due to their and their subordinates' misconduct and violations of Decedent's rights. Notwithstanding this knowledge, the authorized policymakers within the COUNTY have approved of the individually named Defendants' and DOES 1–50s' conduct and decisions in this matter to the extent such individuals were under their supervision and oversight, and have made a deliberate, conscious, and affirmative choice to endorse and ratify such conduct and decisions, and the basis for them, which resulted in the death of FRANCISCO PONCE, JR. By so doing, the authorized policymakers within the COUNTY has shown affirmative agreement with the conduct of individual Defendants and other employees/agents under their supervision, and have ratified the unconstitutional acts of these individual Defendants, employees, and agents.

47. The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of individual Defendants were a moving force and/or a proximate cause of the deprivations of Plaintiffs' and Decedent's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

48. As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, polices, practices, and/or procedures or lack thereof, Plaintiffs sustained serious and permanent injuries and damages, and are entitled to damages, penalties, costs, and attorneys' fees, as set forth above, in ¶ 28, and punitive damages against Defendants DOES 1–50, in their individual capacities.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (b) – BANE ACT)**
**PLAINTIFFS AGAINST DEFENDANTS DOES 1–50**

49. Plaintiffs re-allege and incorporate by reference each and every paragraph contained in this complaint, as if fully set forth here.

Complaint for Damages and Demand for Jury Trial
*A.G.*, *et al. v. County of Tulare, et al.*
Case No.                                                 10

50. By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, by acting with a reckless disregard for Plaintiffs', and Decedent's rights under California Civil Code § 52.1, by violating the following clearly established rights under the United States Constitution and the California Constitution:

   a. Decedent's right to be free from unsafe conditions of confinement, including by hourly direct-view safety checks as required under Title 15 of the California Code of Regulations.

   b. Plaintiffs' and Decedent's right to be free from wrongful government interference with familial relationships and the right to companionship, society, and support of each other, as secured by the First and Fourteenth Amendments;

   c. Plaintiffs' and Decedent's right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and

   d. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

51. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was neither necessary nor inherent to Defendants' violation of Plaintiffs' rights, nor to any legitimate law enforcement activity.

52. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

53. This claim is based on a violation of Decedent's rights, and it is asserted as a survival claim.

54. The COUNTY is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

55. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Decedent's rights under the United States and California Constitutions and law, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief as set

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.                                    11

forth above, in ¶ 28, and to punitive damages against the individual Defendants and DOES 1–50 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties.

**FOURTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**<u>PLAINTIFFS AGAINST DEFENDANTS DOES 1–50</u>**

56. Plaintiffs re-allege and incorporate by reference the allegations contained in this complaint, as though fully set forth herein.

57. At all material times, Defendants DOES 1–50 owed FRANCISCO PONCE, JR. the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

58. At all material times, each Defendant owed FRANCISCO PONCE, JR. the duty to act with reasonable care.

59. These general duties of reasonable care and due care owed to FRANCISCO PONCE, JR. by all Defendants include, but were not limited, to the following specific obligations:

   a. To provide safe conditions of confinement, including by hourly direct-view safety checks as required under Title 15 of the California Code of Regulations.

   b. To provide safe and appropriate jail custody for FRANCISCO PONCE, JR., including reasonable classification, monitoring, and housing;

   c. To refrain from abusing their authority granted to them by law; and,

   d. To refrain from violating Decedent's and Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

60. By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care, which foreseeably resulted in the suffering of damages by FRANCISCO PONCE, JR., and Plaintiffs.

61. Defendants, through their acts and omissions, breached the aforementioned duties owed to FRANCISCO PONCE, JR. and Plaintiffs.

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.                                   12

62. Defendant COUNTY is vicariously liable pursuant to California Government Code section 815.2.

63. As a proximate result of Defendants' negligence, Decedent and Plaintiffs sustained injuries and damages, and against each listed Defendant in this Cause of Action is entitled to the relief described above, in ¶ 28. Plaintiffs also seek punitive damages against such individual Defendants in their individual capacities. Plaintiffs do not seek punitive damages against the COUNTY.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a. Compensatory damages in an amount according to proof and which is fair, just, and reasonable;

    b. Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant COUNTY);

    c. Attorneys' fees and costs of suit under 42 U.S.C. § 1988;

    d. Attorneys' fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(h);

    e. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law;

    f. Injunctive and declaratory relief, including, but not limited to, the following:

        i. An order prohibiting Defendant COUNTY and its law-enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and supervision as may be determined and/or adjudged by this case; and,

    g. For such other and further relief, according to proof, as this Court may deem appropriate, just, or proper.

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.                                             13

Dated: April 4, 2023              **HELM LAW OFFICE, PC**

                                                      */s/ T. Kennedy Helm, IV*
                                                      T. KENNEDY HELM, IV
                                                      Attorney for Plaintiffs

## **JURY TRIAL DEMAND**

Plaintiffs hereby respectfully demand a jury trial, pursuant to Federal Rule of Civil Procedure 38, for all claims for which a jury is permitted.


Dated: April 4, 2023              **HELM LAW OFFICE, PC**

                                                      */s/ T. Kennedy Helm, IV*
                                                      T. KENNEDY HELM, IV
                                                     Attorney for Plaintiffs

Complaint for Damages and Demand for Jury Trial
*A.G., et al. v. County of Tulare, et al.*
Case No.                              14